## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OSWALDO ORDONEZ,

             Petitioner,

vs.                                                                                   No. CIV 23-0221 JB/GJF

DANIELLE PHILIPS,

             Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter Petitioner Oswaldo Ordonez sent to the Magistrate Judge.  See Letter (dated September 6, 2023), filed September 11, 2023 (Doc. 10)("Letter").  The Letter responds to the Court's Superseding Order to Cure Deficiency and Clarify Claims, filed August 24, 2023 (Doc. 8)( "Order").  Ordonez is incarcerated and proceeding pro se.  For the reasons that follow, the Court will transfer this matter to the Western District of Texas, where Ordonez was sentenced.

## PROCEDURAL BACKGROUND

Ordonez commenced this case by filing a Petition for a Writ of Habeas Corpus on March 13, 2023, (Doc. 1)("Petition").  At that time, he was in prison at the Otero County Prison Facility in Chaparral, New Mexico.  See Petition at 6.  In the Petition, Ordonez indicates that he had entered a plea agreement, but had not yet been sentenced, in a criminal proceeding in the United States District Court, Western District of Texas (El Paso).  See No. 21-cr-725-DB-6 (W.D. Tex.).[1]

---

[1] The Court takes judicial notice of the docket in this case, which Ordonez' petition references.  See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)(holding that a court may take judicial notice of facts that are part of public records).

He appears to challenge the plea agreement's validity on the basis of ineffective assistance of counsel and deprivation of his rights under the Fourteenth Amendment to the Constitution of the United States.   See Petition at 2.   The Petition was docketed in this Court as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.   Together with the Petition, Ordonez filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 13, 2023 (Doc. 2).

In mid-2023, Ordonez was transferred to the Federal Correctional Institution in Florence, Colorado.   Because the District of New Mexico is no longer the district of confinement, and because Ordonez' criminal case proceeds in the Western District of Texas, the Court issued the Order requiring Ordonez to clarify whether he seeks relief pursuant to 28 U.S.C. § 2241, in which case the case should proceed in the United States District Court for the District of Colorado, or whether he seeks to pursue relief under § 2255, in which case the case must proceed in the United States District Court for the Western District of Texas.   See Order at 2-4.   In the Letter that Ordonez filed in response, he indicates that he wishes to challenge the validity of his conviction pursuant to 28 U.S.C. § 2255.   See Letter at 1.

## ANALYSIS

"A § 2255 petition attacks the legality of a [federal] conviction or sentence and [usually] must be filed in the district that imposed the sentence."   Purvis v. Wiley, 214 F. App'x 774, 776 (10th Cir. 2007)(citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).   See Hale v. Fox, 829 F.3d 1162, 1165 (10th Cir. 2016).   See also 28 U.S.C. § 2255(a)("A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").   "Section 2255 owes its existence to Congress' pragmatic judgment that the sentencing court, not the District Court for

the district of confinement, is the best venue for a federal prisoner's collateral attack on his sentence."  Jones v. Hendrix, 143 S. Ct. 1857, 1869 (2023).

District Courts may sua sponte consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding.  See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006).   In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper.  See Johnson v. Christopher, 233 Fed. App'x 852, 854 (10th Cir. 2007)("[T]he district court has discretion . . . to transfer [an inmate's] case [sua sponte].").   To determine whether a transfer is in the interest of justice, courts consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . . ."   In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).   See Faulkenburg v. Weir, 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer).

Here, the claims are not time-barred, they may be meritorious, and it appears that they were filed in good faith, albeit in the wrong district -- a common mistake for pro se litigants.   For these reasons, the Court will transfer this case to the United States District Court for the Western District of Texas.   To the extent Ordonez seeks additional time to amend his Petition, he must direct that request to that Court.   Petitioner is reminded that all further pleadings should be submitted to the United States District Court for the Western District of Texas.

**IT IS ORDERED** that: (i) the Clerk's Office shall transfer this proceeding, including the Petition for a Writ of Habeas Corpus, filed on March 13, 2023 (Doc. 1), to the United States District Court for the Western District of Texas, and close this civil case; and (ii) the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 13, 2023 (Doc. 2), is denied as moot.

- 3 -

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Oswaldo Ordonez
Florence, Colorado

    *Plaintiff*